**William E. BROCK, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**CIRCLE "A" CONSTRUCTION, INC., a corporation, and Marvin Aslett, an individual, Defendants.**

**Civ. No. 86–1437.**

United States District Court, D. Idaho.

Aug. 28, 1987.

---

Robert A. Friel, Associate Regional Sol., Faye von Wrangel, U.S. Dept. of Labor, Seattle, Wash., for plaintiff.

Lloyd J. Walker, Lloyd J. Walker, P.A., Twin Falls, Idaho, for defendants.

## MEMORANDUM OPINION AND ORDER

RYAN, District Judge.

### I. INTRODUCTION

This is an enforcement action brought by the Secretary of Labor under the Fair Labor Standards Act (FLSA), 29 U.S.C. 201 *et seq.* The Secretary seeks to enjoin defendants from violating the wage-and-hour and record-keeping provisions of the FLSA and to recover overtime pay owed to employees.

According to the complaint, Defendant Circle "A" Construction is involved in the loading, hauling and delivery of sugar beets, molasses and other products at its principal place of business in Twin Falls and at other places within Idaho, including a branch located in Paul, Idaho. Defendant Marvin Aslett is a corporate officer of Circle "A" Construction, who, according to the complaint, "acts directly or indirectly in the interest of defendant Circle "A" Construction, Inc., in relation to the employees referred to below." Complaint—Labor, filed Dec. 9, 1986, at 2. The Secretary alleges that the activities of defendants described in the complaint constitute an enterprise engaged in commerce or in the production of goods for commerce, conferring jurisdiction under the FLSA. Jurisdiction under the FLSA is denied by defendants in their Answer to Complaint; however, this argument is not raised in the pending motion. The Secretary alleges that the wage-and-hour provisions of the FLSA have been violated in that since December 1, 1983, employees have worked workweeks longer than forty hours without being paid time and a half for the excess hours, and defendants have not kept records of hours worked by and wages paid to several employees.

On July 2, 1987, defendants filed a document styled "Motion to Dismiss." This motion is not, in fact, a motion to dismiss, but is a motion for an order staying further discovery until action is taken on a pending motion to dismiss "heretofore filed." The record does not contain any motion to dismiss filed either before or after July 2, 1987. However, both parties have filed memoranda supporting and opposing a motion to dismiss, and thus it seems reasonable to treat defendants' motion as one for dismissal.

### II. ANALYSIS

■ In their Memorandum in Support of Motion to Dismiss, defendants do not clearly state their ground for their motion to dismiss. However, defendants' argument seems to be that their operations which are the subject of this suit are exempt from the

wage-and-hour provisions of the FLSA. Title 29 U.S.C. § 213 states in pertinent part:

(b) The provisions of section 7 [29 U.S.C.S. § 207] [the wage-and-hour provisions] shall not apply with respect to—

. . . .

(16) any employee engaged (A) in the transportation and preparation for transportation of fruits or vegetables, whether or not performed by the farmer, from the farm to a place of first processing or first marketing within the same State, or (B) in transportation, whether or not performed by the farmer, between the farm and any point within the same State of persons employed or to be employed in the harvesting of fruits or vegetables. . . .

29 U.S.C.S. § 213 (1975).

Defendants argue that their operation involves transportation of fruits or vegetables, namely sugar beets, and thus they fall within this exemption. Plaintiff argues that the legislative history of the FLSA dictates that sugar beets should not be viewed as fruits or vegetables within the meaning of this exemption. Thus, this court is squarely faced with the issue: Are sugar beets "fruits or vegetables"?

It should be noted that employers involved in the processing of sugar beets are entitled to a limited exemption from the wage-and-hour requirements. 29 U.S.C. § 213 states:

(h) The provisions of section 7 [29 U.S.C. § 207] shall not apply for a period or periods of not more than fourteen workweeks in the aggregate in any calendar year to any employee who—

(1) is employed by such employer—

. . . .

(D) exclusively to provide services necessary and incidental to the processing of sugar cane or sugar beets in an establishment primarily engaged in the processing of suger cane or sugar beets; and

(2) receives for—

(A) such employment by such employer which is in excess of ten hours in any workday, and

(B) such employment by such employer which is in excess of forty-eight hours in any workweek,

compensation at a rate not less than one and one-half times the regular rate at which he is employed.

. . . .

(j) The provisions of section 7 [29 U.S.C. § 207] shall not apply for a period or periods of not more than fourteen workweeks in the aggregate in any period of fifty-two consecutive weeks to any employee who—

(1) is engaged in the process of sugar beets, sugar beet molasses, or sugar cane into sugar (other than refined sugar) or syrup; and

(2) receives for any such employment during such workweeks—

(A) in excess of ten hours in any workday, and

(B) in excess of forty-eight hours in any workweek, compensation at a rate not less than one and one-half times the regular rate at which he is employed. No week included in any fifty-two week period for purposes of the preceding sentence may be included for such purposes in any other fifty-two week period.

29 U.S.C.S. § 213 (1975 & Supp. May 1987). If either of these exemptions is applicable, then the case can go forward, since the employers in this case would only be exempt as to fourteen weeks out of each year. However, it seems unlikely that either exemption could apply. It might be argued that transportation and storage of sugar beets are "services necessary and incidental to the processing of . . . sugar beets" under 29 U.S.C. § 213(h)(1)(D), but it is nowhere alleged that the employer in this case is "primarily engaged in the processing of . . . sugar beets" as that section requires. Also, it could be argued that the employees in question are "engaged in the processing of sugar beets." 29 U.S.C. § 213(j)(1). The (j) exemption, unlike the (h)(1)(D) exemption, is not limited to cases where the primary business of the employer is the processing of sugar beets. However, to say that the employees in question

are "engaged" in the processing of sugar beets would require a rather broad definition of "engage." If the (j) exemption were the only one to be considered, it might be reasonable to extend the coverage of that exemption to any employee involved with sugar beets, no matter how remote that employee is from the processing stage. However, when the (j) exemption is read together with the (h)(a)(D) exemption, it appears that the FLSA has a distinction between employees engaged in processing sugar beets and those employees performing services incidental to sugar beet processing. Thus, it appears that the limited exemption of subsection (j) does not cover the employer in this case.

At first it might seem absurd to propose that the sugar beet is not a "fruit or vegetable." However, it has been pointed out more than once that law is not based so much on logic as on experience, and long-standing experience seems to indicate that the sugar beet is not a "fruit or vegetable" for purposes of 29 U.S.C. § 213(b)(16).

No court as yet has ruled whether the sugar beet qualifies as a fruit or vegetable. However, it was held in *Wirtz v. Osceola Farms Co.*, 372 F.2d 584 (5th Cir.1967), that sugar cane is not a fruit or vegetable as the term was used within the exemption for transportation or preparation for transportation of fruits or vegetables. The court noted that:

> What is a fruit or vegetable depends in large degree on the context in which definition is sought. Experts here reached varying conclusions after considering such factors as purely botanical definition, use of the item, hardiness, method of cultivation, degree of processing or change in form required to utilize as food, perishability, whether grown on extensive or intensive scale, purpose for which grown (for raw consumption or for industrial processing).

*Id.* at 591.

In support of their motion, defendants have filed an affidavit of one Dr. John Gallian, who is a sugar beet specialist for the Twin Falls Extension of the University of Idaho. Dr. Gallian states that, in purely

botanical terms, the sugar beet is indeed a vegetable. However, as the court in *Osceola Farms* noted, botany is not the only consideration. It is possible that were the problem approached on a clean slate, a court applying the various factors listed in *Osceola Farms* might indeed conclude that the sugar beet is a fruit or vegetable. However, it appears that Congress has decided the issue. In *Osceola Farms*, the court noted that the then-existing text of the FLSA provided a fourteen week partial exemption for "first processing" of "perishable or seasonable fresh fruits and vegetables," but provided a complete exemption for the processing of sugar cane. The court held that specific reference to sugar cane in one exemption precluded the application of another, more general, exemption. *Id.* at 592. Thus, the court concluded that for purposes of the exemption for transportation of fruits or vegetables, "sugar cane is not a fruit or vegetable, and the exemption of that section has no application in this case." *Id.*

Of course, as defendants point out, the sugar cane is not the same as the sugar beet. However, this court is persuaded that for purposes of the FLSA the two plants should be treated the same. As with *Osceola Farms*, the FLSA provides specific exemptions which are applicable to the sugar beet industry, and the existence of these specific exemptions precludes application of general exemptions to the sugar beet industry. Also, as the Secretary has pointed out, throughout the FLSA sugar beets and sugar cane are found together. *E.g.*, 29 U.S.C. § 213(h)(1)(D); 29 U.S.C. § 213(j). For whatever reason—the economics of the sugar industry or the technology and logistics of sugar production—Congress has seen fit to treat sugar beets and sugar cane together, and to treat both of them separately from other agricultural products. This judgment of Congress is not to be overturned by this court absent a showing by defendants that it is arbitrary, capricious, and not reasonably related to the exercise of a legitimate power of Congress. No such showing has been forthcoming.

Defendants argue that *Osceola Farms* is now twenty years old, and thus the decision is outdated. While times have changed since 1967, defendants have not enlightened this court as to how the passage of two decades has caused *Osceola Farms* to lose its relevance.

Actually, contrary to defendants' assertions, the fact that *Osceola Farms* has been around for twenty years supports the Secretary's interpretation of the exemption for transportation of "fruits or vegetables." Congress is presumed to be aware of judicial interpretations of its statutes and to adopt those interpretations when it re-enacts a statute without change. *Lorillard v. Pons*, 434 U.S. 575, 580, 98 S.Ct. 866, 870, 55 L.Ed.2d 40 (1978). Also, where Congress adopts a new law which incorporates sections of a prior law, Congress is presumed to know the interpretation given to the prior law. *Id.* at 581, 98 S.Ct. at 870. In the case of 29 U.S.C. § 213, the historical notes to that section show that the section has been the subject of a constant process of amendment, adding, eliminating and refining the exemptions listed in that section. In that process, the exemption for transportation of "fruits or vegetables" has been renumbered. At the time of *Osceola Farms*, the exemption was compiled as 29 U.S.C. § 213(a)(22), while now it is found at subsection (b)(16). Throughout this process of amendment, the phrase "fruits or vegetables" has not been changed, nor has Congress enacted a definition of the phrase that would affect the result in *Osceola Farms*. Since Congress is presumed to have been aware of the interpretation of "fruits or vegetables" given by the *Osceola Farms* court, and has not seen fit to change it, it must be presumed that Congress approves that interpretation.

■ An additional reason for exempting defendants' operation from the FLSA can be gleaned from defendants' briefing. Under 29 U.S.C. § 207(c) and (d), limited exemptions are provided for industries which are determined by the Secretary of Labor to be seasonal in nature. Title 29 C.F.R. §§ 526.1 through 526.9 (1986) set forth the

procedures to be used in designating seasonal industries. Title 29 C.F.R. §§ 526.10 through 526.12 (1986) set forth the industries which have been so designated. The sugar beet industry in Idaho is not one of these industries. However, certain aspects of the sugar cane industry in Florida and Puerto Rico have been found by the Secretary to be seasonal. The FLSA leaves the determination of whether a particular industry is seasonal to the Secretary. Thus, this court will not disturb the Secretary's finding absent proof that the finding is without reasonable basis.

Defendants assert that the Secretary has acted arbitrarily and capriciously in not finding that the sugar beet industry in Idaho is seasonal, while finding that the sugar cane industry in Florida and Puerto Rico is. Defendants argue that the sugar beet industry is, in fact, seasonal, with definite growing and harvesting seasons, and this contention cannot be denied. This would be true of virtually any industry having some connection to agriculture. However, not every industry related to agriculture has been designated a seasonal industry in 29 C.F.R. § 526. As defendants have pointed out, the sugar cane and the sugar beet are not the same plant. Also, it seems likely that there are differences in climate, economic conditions, labor markets and available transportation systems between Idaho, Florida, and Puerto Rico which would support the Secretary's finding. At least, the Secretary could reasonably so find. Thus, defendants have failed to show that the Secretary's finding is without basis.

■ Finally, even assuming for the sake of argument that the sugar beet industry in Idaho is exempt from the wage-and-hour requirements of the FLSA, 29 U.S.C. §§ 207(c) and (d) and 213(b)(16) do not create an exemption from the record-keeping requirements of 29 U.S.C. § 211(c).

Thus, this court holds that the employers/defendants in this case are exempt from neither the wage-and-hour requirements, nor the record-keeping requirements of the FLSA.

## III. ORDER

For the foregoing reasons, and the court being fully advised in the premises,

IT IS HEREBY ORDERED that defendants' motion to dismiss this case should be, and is hereby, DENIED.